UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CHRISTINE CHOVANEC, Plaintiff, vs. APRIA HEALTHCARE GROUP INC., Defendant. | 04 C 4543 <br> **UNDER SEAL** |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of the United States to dismiss the complaint of relator Christine Chovanec. For the reasons set forth below, the motion is granted.

## BACKGROUND

Relator Chovanec is a former employee of Apria Healthcare Group, Inc. ("Apria"), a provider of medical equipment. In 2004, she filed a *qui tam* complaint on behalf of the United States, alleging that Apria submitted false claims for its products to Medicare and Medicaid. Although Apria has several hundred offices nationwide, Chovanec worked only in various regional offices in Illinois.

The complaint alleges several types of wrongdoing by Apria. First, Chovanec alleges that Apria altered or coached doctors to alter documentation submitted to the government programs to make it appear that the equipment supplied was covered by Medicare or Medicaid when in fact it was not. Second, she claims that Apria billed the government for equipment that patients never received or forged patient signatures on orders indicating that they had received equipment. Third, she claims that Apria miscoded products or provided equipment without requiring proper documentation. Lastly, she contends that Apria destroyed work orders for refilling oxygen tanks and forged prescription documents that were provided to private payers.

Chovanec is not the first Apria employee to level false claims allegations against Apria. Two former employees in California, Cynthia Costa and Ken Kostanecki, filed a *qui tam* suit in 1998 alleging that Apria falsified documents submitted or coached physicians to supply incorrect documentation to Medicare; sought payment despite having incomplete documentation; and miscoded products. About one year later, a former Apria employee named Catherine Wickern filed a *qui tam* suit alleging similar types of misconduct in Missouri, Kansas, and Nebraska. These three relators subsequently entered a joint prosecution agreement whereby they will jointly share in any recovery to be had after the resolution of the two suits. Chovanec, Costa, Kostanecki, and Wickern have declined to join Chovanec's suit with the other two.

Believing that Chovanec's complaint constitutes a "related action" under 31 U.S.C. § 3730(b)(5), the United States asks that it be dismissed.

## DISCUSSION

In pertinent part, 31 U.S.C. § 3730(b)(5) provides that, once a party brings a *qui tam* action, no one other than the federal government can intervene or bring a related action based on the facts underlying the first-filed action. The so-called "first-to-file" bar mandates dismissal of later filed actions that are based on the underlying facts of the first *qui tam* suit.

Here, the parties dispute how much similarity is necessary before Chovanec's complaint can be considered to be an action related to the prior complaints and thus subject to dismissal under § 3730(b)(5). Chovanec insists that the rule bars only actions that are identical or virtually identical to what has come before; the government argues that we should look only to whether the two sets of complaint allege facts that are similar to those set forth by previous plaintiffs.

Neither the Seventh Circuit nor the Supreme Court have considered the question that this motion presents, but four other federal appellate courts have addressed this issue and soundly rejected the "identical facts" test Chovanec champions. See U.S. ex rel. Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279 (10th Cir. 2004); U.S. ex rel. Hampton v. Columbia/HCA Healthcare Corp., 318 F.3d 214, 217-18 (D.C.

Cir. 2003); U.S. ex rel. Lujan v. Hughes Aircraft Co., 243 F.3d 1181, 1188-89 (9th Cir. 2001); U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc., 149 F.3d 227, 232-34 (3d Cir. 1998). All four concluded that the statute, by referring to actions that are "related" and "based on" the facts of prior complaints, bars complaints that are similar to prior suits as well as those that are identical. The statutory analysis set forth in these cases is sensible and consistent with the plain language of § 3730(b)(5), and their reasoning and conclusions are accordingly persuasive. As a result, we examine Chovanec's complaint for its similarity to the other two, rather than determining whether it is identical.

As stated above, Chovanec's complaint alleges that Apria altered or coached doctors to alter documentation, billed the government for equipment that patients never received or forged patient signatures, miscoded products, and provided equipment without requiring proper documentation. The Costa/Kostanecki/Wickern actions contend that Apria falsified documents submitted or coached physicians to supply incorrect documentation, sought payment without providing proper documentation; and miscoded products. The latter complaints allege nationwide practices contributing to this alleged wrongdoing, which would certainly encompass Apria's Illinois offices. In addition, the latter complaints give open-ended time frames, alleging that illegal conduct continued at least through a certain date but not identifying a definitive

endpoint to the scheme described. Thus, though Chovanec claims that her complaint is removed in time and location such to make it a separate action, we conclude that her allegations are sufficiently similar to the prior complaints to trigger the § 3730(b)(5) bar.

That leaves only the allegations of Chovanec's complaint concerning destruction of work orders for refills of oxygen tanks and forged prescription documents provided to private payers. Clearly, these allegations do not pertain to presentation of false claims for payment to the federal government. As a result, they have no place in a *qui tam* suit and are accordingly dismissed.

## CONCLUSION

Based on the foregoing, Chovanec's case is dismissed in its entirety with prejudice.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: \_\_\_SEP 2 6 2005\_\_\_