# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4543 | **DATE** | JAN 2 4 2006 |
| **CASE TITLE** | US ex rel. Chovanec vs. Apria Healthcare Group, Inc. **(UNDER SEAL)** | | |

**DOCKET ENTRY TEXT**

Motion of the relator to alter or amend our September 26, 2005, dismissal of her claim with prejudice on the grounds that it is barred by 31 U.S.C. § 3730(b)(5) is denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

This matter comes before the court on the motion of the relator to alter or amend our September 26, 2005, dismissal of her claim with prejudice on the grounds that it is barred by 31 U.S.C. § 3730(b)(5). For the reasons set forth below, the motion is denied.

The instant motion is styled as one pursuant to Fed. R. Civ. Proc. 59, and as it was filed within 10 days after our judgment was entered, we construe it using the principles applicable to Rule 59(e). Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend a judgment. Motions for reconsideration under Rule 59(e) are designed "to correct manifest errors of law or fact or to present newly discovered evidence." Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Our prior decision concluded that the relator's claim was duplicative of two earlier-filed claims that involved claims of similar conduct over a time period that, according to the complaint filed, extended into the timeframe of the relator's complaint (2002 through 2004). Four days after the decision issued, the government and the common defendant entered into a settlement agreement that, by its terms, applied to conduct alleged to have occurred from June 1995 through the end of 1998. Relator argues that this turn of events renders her complaint not duplicative of the prior complaints because the timeframes are now separate and distinct. According to relator, this is the type of newly discovered evidence that would warrant relief under Rule 59(e).

The government contends that relator's argument is without merit for two reasons. First, they argue that the documents to be compared must be the complaints, not the settlement and the complaint. The first-to-file rule

## STATEMENT

is based on the principle that the first relator to file a complaint in a *qui tam* action puts the government on notice of potential fraud and thereby is entitled to a portion of any recovery. Others who emerge afterward cannot initially alert the government to any wrongdoing, even if their allegations add details not offered by the first relator's information. Because the initial complaints in this action put the government on notice of conduct that could have continued through the time of relator's allegations, her information did not notify the government of anything to which they had previously been unaware as a possible fraud.

Second, the government avers that the period encompassed by the settlement is not limited to the period explicitly mentioned in the agreement. The nature of a settlement is such that one party can release claims that it could have pursued in return for a faster resolution of the dispute, so the mere fact of the settlement and the specified time period does not negate the notion that the earlier complaints covered the same period of time as relator's complaint.

We agree with the government on both points. Though the fact of the settlement is something that was not and could not be known at the time we rendered our prior decision, it does not offer a basis for altering or amending the judgment rendered. Consequently, relator's Rule 59(e) motion is denied.

Dated: JAN 2 4 2006

CHARLES P. KOCORAS
Chief Judge
United States District Court